**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

| | |
|---|---|
| PAULA PILGRIM, | * |
| | * |
| Plaintiff, | * |
| v. | * |
| | *  No. 3:15CV00101-JJV |
| CAROLYN W. COLVIN, Acting | * |
| Commissioner, Social Security | * |
| Administration, | * |
| | * |
| Defendant. | |

**MEMORANDUM AND ORDER**

Plaintiff, Paula Pilgrim, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for supplemental security income and disability insurance benefits. Both parties have submitted appeal briefs and the case is ready for decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; courts may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment . . . results from anatomical,

physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

In opposition to the ALJ's findings, Plaintiff argues the ALJ's determination that she could perform her past relevant work is not supported by substantial evidence. (Pl.'s Br. 9-12.) She also believes this led to reversible error by not employing the services of a vocational expert. (*Id.* at 12.) I find Plaintiff's argument to be persuasive.

Ms. Pilgrim has bipolar disorder. The medical evidence reveals that consulting psychological examiners, Jon Mourot, Ph.D. and Susan Daugherty, Ph.D., *both* concluded Ms. Pilgrim's bipolar disorder limited her to "work where interpersonal contact is incident to work performed; complexity of tasks is learned and performed by rote, few variables, little judgment, and supervision required is simple, direct, and concrete (unskilled)." (Tr. 26, 139, 163-65.) The ALJ gave "some weight" to the doctors' opinions but found them "overly restrictive" given Plaintiff's sporadic treatment history and her previous ability to perform the work with bipolar disorder. (Tr. 26.) This was error. First, Ms. Pilgrim's sporadic treatment history may call her credibility into question, see *e.g. Walker v. Shalala*, 993 F.2d 630, 631-32 (8th Cir. 1993), but it was an incorrect basis to challenge the validity of the two medical opinions by Dr. Mourot and Dr. Daugherty. Second, the ALJ's conclusion that Ms. Pilgrim's condition had not deteriorated enough to prevent her from performing these jobs is not supported by substantial evidence when he failed to even consider her global assessment of functioning scores.

Accordingly, the Court finds that the decision of the Commissioner is not supported by substantial evidence. The ruling of the Commissioner must be reversed and the matter remanded. On remand, the Commissioner shall reconsider the medical opinions of Dr. Mourot and Dr. Daugherty and, if necessary, employ the services of a vocational expert to determine if Plaintiff can perform any jobs in the local or national economy on a full time basis, given Plaintiff's nonexertional impairments.

THEREFORE, this matter is REVERSED and REMANDED for action consistent with this opinion and all pending motions are rendered moot. This is a "sentence four" remand within the

meaning of 42 U.S.C. § 405 (g).

    IT IS SO ORDERED this <u>14th</u> day of September, 2015.

                                                                             _____  
                                                                             JOE J. VOLPE  
                                                                             UNITED STATES MAGISTRATE JUDGE